## DUKE v. UNITED STATES.
### No. 4165.

Circuit Court of Appeals, Fourth Circuit.

June 14, 1937.

Jacob L. Morewitz, of Newport News, Va. (Morewitz & Morewitz, of Newport News, Va., on the brief), for appellant.

Sterling Hutcheson, U. S. Atty., of Norfolk, Va. (H. H. Holt, Jr., Asst. U. S. Atty., of Norfolk, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This was a prosecution for violation of section 137 of the Criminal Code, 18 U.S. C.A. § 243, which provides:

"Whoever shall attempt to influence the action or decision of any grand or petit juror of any court of the United States upon any issue or matter pending before such juror, or before the jury of which

he is a member, or pertaining to his duties, by writing or sending to him any letter or any communication, in print or writing, in relation to such issue or matter, shall be fined not more than $1,000, or imprisoned not more than six months, or both."

The evidence in the record shows, without contradiction, that, after the grand jury in the United States District Court at Alexandria, Va., had been sworn and charged and was retiring from the courtroom, the defendant, thinking that a certain charge would be preferred against him, handed the foreman a letter relating thereto. The letter petitioned the grand jury to permit defendant to make a statement if the charge were made against him and stated that, in case this permission were denied him, he wished the grand jury to consider the statement of facts which followed in the letter and also to consider it in connection with any vote as to whether he was to be given the permission to appear before them which he asked. There followed this request a statement of facts showing, if true, that defendant was not guilty of the charge in question, a request that the jury disregard hearsay evidence of Department of Justice operatives, an assertion that defendant was a member of the bar, and a reference to high officials of the state as to his reputation. The United States Attorney for the district filed an information against defendant charging a violation of the statute above quoted, and a trial was had upon which defendant took the stand and admitted the delivery of the letter, but attempted to justify his action on the ground that it was done openly and without corrupt intent. The court charged the jury that the act of the defendant in delivering the letter to the grand jury, for the purpose of being considered by it, amounted to an attempt to influence the action of the grand jury within the meaning of the statute.

The question in the case, which in our opinion was the important one, viz., the right to proceed in the case by information in view of the amendment of December 16, 1930, 46 Stat. 1029 (18 U.S.C.A. § 541), to section 335 of the Criminal Code, has been certified by us to the Supreme Court and has been answered contrary to the contention of defendant. Duke v. United States, 57 S.Ct. 835, 81 L.Ed. ——.

██ Other contentions of defendant may be briefly disposed of. There is no right ██

on the part of one whose conduct is being investigated by a grand jury to petition the grand jury or to appear before it, which is guaranteed by the Constitution or otherwise; and it is important that the processes of criminal justice be not thus interfered with by those who have reason to think that their conduct is under investigation. See Charge to Grand Jury, of Mr. Justice Field, Fed.Cas.No.18,255; United States v. Bolles (D.C.) 209 F. 682, 685–690. Congress for the protection of grand and petit jurors from this sort of interference has not only forbidden attempts to influence them "corruptly, or by threats or force, or by any threatening letter or communication" (section 135, Crim.Code, 18 U.S.C.A. § 241), but has also forbidden any attempt to influence by the sending of any letter relating to any matter pending before them. It makes no difference that the letter here is addressed to the grand jury as a body instead of to a particular juror. As a matter of fact, it was delivered to one of the grand jurors, the foreman, and was intended to accomplish one of the very things which it was the purpose of the statute to prevent, viz., to get before the grand jury the contentions and unsworn statements of one whose conduct was being investigated. Certainly one who gives to a grand juror such a letter cannot escape liability for his action by addressing it to the grand jury as a body. Nor would the intention that all of the grand jurors should see the letter exculpate him; for an attempt to influence the action of all the grand jurors cannot be less a violation of the statute than an attempt to influence the action of one of them.

██ And there is no merit in the complaint as to the court's charge. Cases can be imagined in which a serious question might arise as to whether a letter was an attempt to influence within the meaning of the statute, but that is not the case here. Where a letter addressed to the grand jury sets forth what purports to be a statement of the facts of a case under investigation, warns against accepting statements of prosecuting witnesses and attempts to bolster up the character and reputation of the accused, the only question which can arise under the statute is whether the person accused of sending the letter did so. Every one is presumed to intend the natural and probable consequences of acts intentionally done. Reynolds v. United States, 98 U.S. 145, 165, 167,

**842**

25 L.Ed. 244; Agnew v. United States, 165 U.S. 36, 50, 17 S.Ct. 235, 41 L.Ed. 624; United States v. Patten, 226 U.S. 525, 543, 33 S.Ct. 141, 57 L.Ed. 333, 44 L.R.A.(N.S.) 325. And one who knowingly sends a letter to a grand jury which shows upon its face the intention that it shall be considered with respect to a pending case, cannot be heard to say that he did not attempt to influence the grand jury thereby, as the attempt to influence is inherent in the act of knowingly sending such a letter. The instruction of the court did not amount to the direction of a verdict, which is forbidden in a criminal case, but was a proper instruction on the law and the facts, leaving the final determination of the issue to the jury. The giving of the letter to the foreman of the grand jury was a clear violation of the statute, and the jury was properly instructed to that effect.

Affirmed.