STATE OF NORTH CAROLINA v. DONALD MORGAN

No. 7029SC509

(Filed 18 November 1970)

1. Criminal Law § 155.5— failure to docket record on appeal in apt time

Appeal is subject to dismissal where the trial court extended the time for docketing the record on appeal for 30 days in addition to the 90 days provided by Rule 5, but the record on appeal was not docketed until 122 days after the date of the judgment appealed from.

State v. Morgan

2. **Criminal Law § 161— failure to group and separately number exceptions**

   Appeal is subject to dismissal for failure to comply with Rule 19(c) where none of the assignments of error refer to any exception upon which it purports to be based.

3. **Grand Jury § 2; Indictment and Warrant § 14— motion to quash — defendant out of State when indictment returned — right of defendant to appear before grand jury**

   The trial court properly denied defendant's motion to quash the indictment on the ground that he was not in North Carolina when the grand jury returned the true bill against him and on the ground that neither he nor his attorney was permitted to appear before the grand jury, since one whose conduct is being investigated by the grand jury has no right, constitutional or otherwise, to appear before it.

4. **Constitutional Law § 29; Grand Jury § 1— exclusion from grand jury on account of race — due process — defendant not member of excluded race**

   Arbitrary exclusion of citizens from service on grand juries on account of race is a denial of due process to members of the excluded race charged with indictable offenses, but ordinarily it is not deemed such denial if the defendant is not a member of or in some way associated with the excluded race.

5. **Constitutional Law § 29; Grand Jury § 3— exclusion of Negroes from grand jury — white defendant — lack of evidence**

   The trial court did not err in the denial of defendant's motion to quash the indictment on the ground of systematic exclusion of Negroes from service on grand juries in the county, where there was no evidence that defendant, a white person, had in any way associated or made common cause with Negroes, and there was no evidence that members of the Negro race had in fact been unlawfully excluded from service on grand juries in the county.

6. **Criminal Law § 15; Jury § 2— motion for change of venue and for special venire — publicity of codefendant's trial**

   The trial court did not abuse its discretion in the denial of defendant's motions for a change of venue and for a special venire on the ground that the trial and conviction of a codefendant at a previous term of court had received "considerable publicity," where defendant offered no evidence to show the nature or extent of this publicity or why a fair jury could not be selected from the county.

7. **Criminal Law § 98— motion for sequestration of witnesses — discretion of court**

   Motion of defendant for sequestration of witnesses is addressed to the discretion of the court.

8. **Criminal Law § 169— exclusion of testimony — record fails to show what excluded testimony would have been**

   The exclusion of testimony cannot be held prejudicial when the record fails to show what the excluded testimony would have been.

9. **Criminal Law § 106— testimony of accomplice — sufficiency for conviction**

    The testimony of an admitted accomplice, even if unsupported, is sufficient to support a conviction if it satisfies the jury of defendant's guilt beyond a reasonable doubt.

10. **Criminal Law §§ 124, 159— recording result of jury trial — listing possible results by letter with one letter circled in ink — disapproval by Court of Appeals**

    The records of a criminal trial should be made and kept in a manner which discloses clearly and unequivocally what actually occurred at the trial without the necessity of further explanation or interpretation; consequently, the Court of Appeals disapproves of a method of recording the result of a criminal jury trial whereby three possible results were listed respectively after the letters (a), (b) and (c)— namely, that at the close of the State's evidence the court ordered a verdict of not guilty, that at the close of the State's evidence defendant plead guilty, and that the jury returned a verdict finding defendant guilty of felonious breaking and entering and felonious larceny—and a circle was drawn in ink around the letter "(c)."

APPEAL by defendant from *Snepp, J.,* March 1970 Session of RUTHERFORD Superior Court.

Defendant was indicted for felonious breaking and entering and felonious larceny. He pleaded not guilty. The State presented evidence of an accomplice, who testified he accompanied defendant and one Jack McGinnis when they broke into the rear of a men's clothing store and dry cleaning plant in Rutherford County, N. C., and stole arm-loads of clothing therefrom. The proprietor testified that 54 suits and 57 pairs of men's pants, valued at $5,036.00, were missing from his premises after the breaking and entering. Other witnesses testified in corroboration. Defendant took the stand and testified he had been in Greenville, S. C., at the time in question. Defendant also presented the testimony of one other witness for the purpose of corroborating his alibi.

The jury found defendant guilty on both counts. On the charge of felonious breaking and entering, judgment was entered on the verdict sentencing defendant to prison for a term of ten years, with credit given on this sentence for time spent by defendant in custody while awaiting trial. On the conviction of felonious larceny, defendant was sentenced to prison for a term of not less than five nor more than ten years, this sentence to run at the expiration of the sentence imposed on the conviction for felonious breaking and entering. Defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Howard P. Satisky for the State.*

*Hollis M. Owens, Jr., for defendant appellant.*

PARKER, Judge.

**[1, 2]** The judgment appealed from was dated 10 March 1970. Rule 5 of the Rules of Practice of the Court of Appeals requires that the record on appeal must be docketed within ninety days after the date of the judgment appealed from, provided that the trial tribunal may, for good cause, extend the time not exceeding sixty days. In this case the trial court did extend the time for docketing the record on appeal for an additional thirty days, thereby allowing a total of 120 days within which to docket the record on appeal. The record on appeal was not docketed until 10 July 1970, which was 122 days after the date of the judgment appealed from. For failure to docket in apt time, this appeal is subject to dismissal. *State v. Garnett,* 4 N.C. App. 367, 167 S.E. 2d 63. The record lists seventeen assignments of error. None of these refer to any exception upon which it purports to be based. Rule 19(c) of the Rules of the Court of Appeals provides: "All exceptions relied on shall be grouped and separately numbered immediately before the signature to the record on appeal. Exceptions not thus set out will be deemed to be abandoned." The failure to comply with this rule also warrants a dismissal. Nevertheless, we have carefully considered each of the assignments of error and find them to be without merit.

**[3]** Appellant assigns as error the denial of his motion to quash the indictment on the ground that he was not in North Carolina at the time the grand jury returned the true bill against him and on the ground that neither he nor his attorney was permitted to appear before the grand jury. Appellant contends he was thereby denied constitutional rights guaranteed him by the Sixth and Fourteenth Amendments to the Constitution of the United States. This contention is without merit. One whose conduct is being investigated by a grand jury has no right, constitutional or otherwise, to appear before it. *Duke v. United States,* 90 F. 2d 840, 112 A.L.R. 317 (4th Cir. 1937), *cert.* den. 302 U.S. 685, 82 L. Ed. 528, 58 S. Ct. 33; *Sweeney v. Balkcom,* 358 F. 2d 415 (5th Cir. 1966).

**[4, 5]** Defendant's contention that there was error in the denial of his motion to quash the indictment on the additional

ground that there had been systematic exclusion of Negroes from serving on grand juries in Rutherford County is also without merit. Arbitrary exclusion of citizens from service on grand juries on account of race is a denial of due process to members of the excluded race charged with indictable offenses, but ordinarily it is not deemed such denial if the defendant is not a member of or in some other way associated with the excluded race. *State v. Lowry* and *State v. Mallory*, 263 N.C. 536, 139 S.E. 2d 870. Defendant here is a white man, and there is no evidence he had in any way associated or made common cause with Negroes. Moreover, there was no evidence that members of the Negro race had in fact been unlawfully excluded from service on grand juries in Rutherford County.

[6, 7] Appellant assigns as error the denial of his motions for a change of venue and for a special venire. These motions were made on the ground that a codefendant had been tried and convicted at a previous term of court and such trial had received "considerable publicity." Appellant offered no evidence to show the nature or extent of this publicity or why a fair jury could not be selected from Rutherford County. "A motion for a change of venue or for a special venire from another county, upon the ground of unfavorable publicity, is addressed to the sound discretion of the trial court." *State v. McKethan*, 269 N.C. 81, 152 S.E. 2d 341. The trial court's ruling in exercise of his discretion is not reviewable on appeal, absent a showing of abuse of discretion. *State v. Allen*, 222 N.C. 145, 22 S.E. 2d 233. The motion of defendant for sequestration of witnesses was also addressed to the discretion of the court. *State v. Love*, 269 N.C. 691, 153 S.E. 2d 381. There being nothing in the record to suggest abuse of discretion in the rulings of the court upon any of these motions, these assignments of error are overruled.

[8] Defendant excepted to rulings sustaining objections to two questions asked during direct examination of a defense witness. The record does not show what the answers would have been had the witness been permitted to testify. The exclusion of testimony cannot be held prejudicial when the record fails to show what the excluded testimony would have been. *Gibbs v. Light Co.*, 268 N.C. 186, 150 S.E. 2d 207; *Board of Education v. Mann*, 250 N.C. 493, 109 S.E. 2d 175.

[9] We have carefully examined all of appellant's remaining assignments of error and find them without merit. There was

plenary evidence to require submission of the case to the jury. North Carolina follows the rule that testimony of an admitted accomplice, even if unsupported, is sufficient to support a conviction if it satisfies the jury of defendant's guilt beyond a reasonable doubt. *State v. Partlow,* 272 N.C. 60, 157 S.E. 2d 688; *State v. Saunders,* 245 N.C. 338, 95 S.E. 2d 876. The charge of the court, considered contextually, was free from prejudicial error. The sentences imposed were within applicable statutory limits.

[10] In the record on appeal in this case as originally filed, under the heading "Jury, Plea and Verdict," there appeared the following:

"The defendant pleads Not Guilty. Whereupon the following jurors were selected, sworn and impaneled in the above-entitled case: Ralph Eugene Tate and eleven (11) others (naming them).

"(a)   At the close of the State's evidence, the Court orders a Verdict of Not Guilty.

"(b)   At the close of the State's evidence, the defendant pleads Guilty.

"(c)   The jury heretofore sworn and impaneled to try the issue for their verdict say that the defendant is Guilty, of the charge of Felonious Breaking and Entering and Felonious Larceny.

"This the 10th day of March, 1970.

"JOAN JENKINS
"Assistant Clerk Superior Court."

A circle was drawn in ink around the letter "(c)" above. In order that the record on this appeal be made clear and consistent and speak the truth, the Attorney General filed a motion suggesting diminution of the record and supported the motion by a notation from the Assistant Clerk of Superior Court of Rutherford County to the effect that "letters A and B are to be disregarded and only the one circled applies." This method of recording what occurs in the trial of criminal cases is not approved. Such records should be made and kept only in a manner to disclose clearly and unequivocally what actually occurred at the trial, without the necessity of further explanations or interpretations. However, in the present case any ambiguity in the record was cured by the additional certification from the

Assistant Clerk of Superior Court of Rutherford County, which was filed with this Court by the Attorney General and which is allowed as an addendum to the record on appeal in this case. This certification discloses clearly and positively that at the close of the State's evidence the court did not order a verdict of not guilty, that the defendant did not plead guilty, and that the jury for their verdict did find the defendant guilty of felonious breaking and entering and felonious larceny.

In the trial and judgment appealed from, we find

No error.

Chief Judge MALLARD and Judge HEDRICK concur.