**Ray Owen MOCZYGEMBA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 51080.**

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

---

Earle Caddel, Dist. Atty., Uvalde, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for murder; the punishment is imprisonment for 5 years.

The appellant asserts that the evidence is insufficient to support the jury verdict for murder with malice, and that he was deprived of constitutional due process because he was not given the opportunity to appear before the grand jury before it returned the indictment charging him with this offense and because his attorney was not notified before the grand jury considered the charges and returned the indictment.

The appellant and his wife Frances gave a party on the evening of November 2, 1973. Before he departed with his date and another couple, one of the guests kissed the appellant's wife. Although the guest had permission from the appellant before kissing his wife, the kissing incident caused an argument between the appellant and his wife, in which they called each other vile names. All of the guests except Linda Hilton and her husband, who was Frances Moczygemba's brother, had left. The appellant obtained a pistol and, saying he was going to kill the man who had .kissed his wife, left in his automobile, but returned in about twenty minutes.

The argument and name calling between the appellant and his wife resumed when he returned. Linda Hilton was with them, but her husband was in the house asleep. During the argument the appellant threatened several times to kill his wife. Linda Hilton testified that: ". . . they kept arguing and then he hit her and knocked her out of the chair; then he shot her—when he slapped her it knocked her out of the chair

Peter Torres, Jr., San Antonio, for appellant.

and she was lying flat on the ground. He pointed the gun straight down at her with his arm stretched out; had it straight down at her face." After the shot was fired Linda Hilton saw blood appear on Frances Moczygemba's cheek. There was proof that the wound caused her death.

The appellant's version of the shooting of his wife was quite different from that of Linda Hilton and supported his defense that the shooting was an accident.

The court's charge included instructions on the law of accident and murder without malice. The jury resolved the conflicts in the testimony against the appellant. The evidence is sufficient to support the jury's verdict.

The appellant's second ground of error is:

"The Honorable Trial Court erred in overruling Appellant's Motion for New Trial in that the appellant was not given the opportunity to appear before the Grand Jury, nor was he nor his attorney notified of the time when his case would be presented to the said Grand Jury, thereby depriving him of due process of law contrary to the Fourteenth Amendment of the United States Constitution."

Appellant's argument is more expansive than the ground of error, and most of his arguments are abstract in nature and not related to the record in this appeal, but we will attempt to answer various parts of the argument.

The appellant contends he has a right to be present with the grand jury during the presentation of evidence against him and to at least be notified of its proceedings so he may challenge the grand jury or individual members.

An accused or one being investigated by a grand jury does not have the constitutional right to appear in person or by counsel before the grand jury. *Johnson v. Superior Court of San Joaquin County*, 15 Cal.3d 248, 124 Cal.Rptr. 32, 539 P.2d 792, (1975); *Commonwealth v. Gibson*, 333 N.E.2d 400 (Mass.S.Ct.1975); *State v. Williams*, 310 So.2d 528 (La.S.Ct.1975); *State v. Cobbs*, 164 Conn. 402, 324 A.2d 234 (1973); *Steigler v. Superior Court*, 252 A.2d 300 (Del.S.Ct.1969); *State v. Panagoulis*, 253 Md. 699, 253 A.2d 877 (1969); *State v. Salazar*, 81 N.M. 512, 469 P.2d 157 (1970); *State v. Morgan*, 9 N.C.App. 624, 177 S.E.2d 457 (1970); *Chesley v. State*, 3 Md.App. 588, 240 A.2d 342 (1968).

An accused does not have the right to be confronted with and to cross-examine witnesses who appear before a grand jury investigating and considering matters in which the accused is a prospective defendant. *Lopez v. State*, 158 Tex.Cr.R. 16, 252 S.W.2d 701 (1952).

Our statutes give an accused or prospective defendant the right at the proper time to challenge the composition of the grand jury. See Articles 19.26–19.33, V.A.C.C.P. These statutes do not require that notice of the grand jury deliberation be given to an accused or prospective defendant. The statute gives him sufficient notice of the empaneling of the grand jury and provides a method to challenge the grand jury's composition. This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.