Timothy McCONNELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–99–00467–CR.

Court of Appeals of Texas,
Tyler.

Oct. 25, 2000.

James W. Volberding, Tyler, for appellant.

Edward J. Marty, Tyler, for appellee.

Panel consists of DAVIS, C.J., HADDEN and WORTHEN, JJ.

DAVIS, Chief Justice.

Appellant, Timothy McConnell, appeals the order of the trial court revoking his community supervision and the judgment sentencing him to two years in a state jail. Appellant has raised three issues regarding his community supervision revocation. We affirm.

### BACKGROUND

Appellant was arrested for burglary of a building after he broke into a building at the Caldwell Zoo in Tyler and stole a monkey. Prior to submission of the case to the grand jury, Appellant appeared before the trial court and pleaded guilty to an information charging him with the burglary. The following is a time line of the events in this case:

March 10, 1999—Appellant enters his plea before the trial court.

March 24, 1999—Appellant is sentenced. Conditions of community supervision are signed ordering him to report to his supervising officer each month "as directed by the Supervision Officer," and to submit to a urinalysis upon request by the Supervision Officer. Appellant orally waives his right to appeal.

April 14, 1999—Appellant's conditions of community supervision are amended ordering him to avoid all contact with named individuals.

April 23, 1999—Appellant files his motion for new trial to set aside the guilty plea hearing, alleging that the trial court was without jurisdiction because Appellant had not waived indictment in writing, or, alternatively that his waiver was not made voluntarily, intelligently and knowingly. This motion was set for hearing on May 17, 1999.

May 11, 1999—Appellant's supervision officer files a violation notice, alleging that Appellant violated his conditions of community supervision by failing to submit to a urinalysis on April 19, 1999, and May 3, 1999, and by failing to make contact with the community supervision office since April 9, 1999. The trial court orders the issuance of a capias requiring Appellant's arrest and detention without bond.

May 13, 1999—Appellant's counsel files a motion for continuance asking that the hearing on the motion for new trial on the plea of guilty be continued due to conflicts on his part.

May 17, 1999—Appellant is arrested.

May 26, 1999—Appellant's hearing on the motion for new trial on the guilty plea is rescheduled to June 1, 1999.

June 1, 1999—Appellant's motion for new trial on the guilty plea is denied, and an application to revoke his community supervision is filed alleging violations that occurred on April 17, April 19, April 26, May 3, and May 9, of 1999.

June 7, 1999—The time designated for the trial court to rule on the motion for new trial on the guilty plea expires. *See* Tex.R .App.P. 21.8.

June 22, 1999—The time for filing Appellant's notice of appeal for the guilty plea expires. *See* Tex.R.App.P. 26.2.

June 25, 1999—Trial court enters another order denying Appellant's motion for new trial.

June 30, 1999—Appellant files his notice of appeal on the guilty plea, but without a motion to extend the time for filing.

August 12, 1999—At the trial court's hearing on the application to revoke Appellant's community supervision, Appellant pleads true to four of the paragraphs in the application and his community supervision is revoked. The trial court sentences him to two years in a state jail.

September 10, 1999—Appellant files his motion for new trial in the community supervision revocation. On that same date, this Court sends notice to the trial court and the parties of its intent to dismiss the appeal on the guilty plea because the notice of appeal was not timely filed.

October 11, 1999—Appellant's motion for new trial on the community supervision revocation is denied. His notice of appeal on the revocation is filed October 21, 1999.

October 28, 1999—Appellant's appeal on the guilty plea is dismissed for want of jurisdiction.

### THE AUTHORITY TO REVOKE COMMUNITY SUPERVISION PENDING APPEAL

In his first issue, Appellant argues that, because he filed a motion for new trial on April 23, 1999, this effectively started the appellate process and the trial court was without jurisdiction to revoke his community supervision. The State responds that Appellant's conditions of community supervision were in effect from the date of sentencing because Appellant waived his right to appeal. Further, since Appellant failed subsequently to file his notice of

appeal in a timely fashion, the trial court had jurisdiction to revoke Appellant's community supervision because there was no appeal pending.

A timely filed notice of appeal vests this Court with jurisdiction over the appeal. *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990); *Mims v. State,* 828 S.W.2d 775, 777 (Tex.App.—Dallas 1992, pet. ref'd). When a valid appeal is taken from a criminal conviction assessing a probated sentence, the terms of community supervision do not commence until the mandate from the appellate court effecting final disposition of the appeal is issued. *See Surety Corp. of America v. State,* 550 S.W.2d 689, 690 (Tex.Crim.App.1977); *Cuellar v. State,* 985 S.W.2d 656, 658 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Easton v. Rains,* 866 S.W.2d 656, 659 (Tex. App.—Houston [1st Dist.] 1993, no pet.). If there is no appeal from a conviction, the terms and conditions of community supervision commence when a motion for new trial is overruled. *Rodriguez v. State,* 680 S.W.2d 585, 587 (Tex.App.—Corpus Christi 1984, no pet.).

In the instant case, two of the five community supervision violations set forth in the application to revoke occurred on April 17 and April 19 which were after sentencing on March 24, 1999, but prior to the filing of the motion for new trial on April 23, 1999. Accordingly, we need not address the question of the effect of a violation which occurred after the filing of a bona fide motion for new trial. If only one of the alleged violations is proved, it is enough to affirm the revocation order. *Jones v. State,* 571 S.W.2d 191 (Tex.Crim. App.1978). Thus, we address only the first two violations.

The violations which occurred prior to the filing of the motion for new trial present a novel and, as yet, unanswered question. Does the filing of a motion for new trial relate back to the date of sentencing so as to deprive the trial court of the authority to monitor a defendant over whom it exercises supervision, or does the trial court retain authority over those whom it has sentenced and granted community supervision until a motion for new trial has been filed?

Although the record before us does not contain copies of the written waiver of appeal signed by Appellant, we are able to determine from the reporter's record that, at the time of sentencing, Appellant did not wish to appeal and orally acknowledged signing a waiver of that right. Upon questioning by the trial court, Appellant expressly agreed that it was his intent to waive appeal and asked the trial court to approve the waiver. Conditions of community supervision were signed on the sentencing date, and no request was made for an appeal bond. The clear intent of the trial court and Appellant was that Appellant was accepting community supervision from the trial court and that both the court and Appellant had the expectation that community supervision would commence that day. Certainly, had Appellant not violated the conditions he would have expected credit for time from the date of sentencing. Likewise, when an Appellant does violate those very same conditions of community supervision he should expect to suffer the consequences, at least until he has taken a definitive good-faith step to alter the status quo or repudiate his plea by the filing of a motion for new trial.

We hold that prior to the filing of a motion for new trial, the trial court retains jurisdiction and has the power to exercise its authority to punish violations of its conditions of community supervision. To hold otherwise would permit a criminal defendant to manipulate the system to its manifest detriment. A defendant could violate his conditions of community supervision within thirty days of sentencing and then avoid the consequences thereof by filing a motion for new trial. The law and common sense do not contemplate such a result. The defendant is subject to the court's control, not vice versa. Once a court acquires jurisdiction, it retains it un-

til something occurs to divest it thereof. *See Garcia v. Dial*, 596 S.W.2d 524 (Tex. Crim.App.1980). In a criminal proceeding, jurisdiction is comprised of the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, coupled with personal jurisdiction over the accused, invoked in felony prosecutions by the filing of a sufficient indictment or information if indictment is waived. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App.1981). Once jurisdiction has attached, it continually embraces everything in the cause and empowers the court to determine all essential questions "and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law." *Garcia v. Dial*, 596 S.W.2d at 527–28 (Tex.Crim.App.1980).

Appellant timely filed his motion for new trial, but because two of the community supervision violations to which he subsequently pleaded true occurred prior to the time he filed his motion for new trial, the trial court still had jurisdiction and authority to revoke Appellant's community supervision.[1] Appellant's first issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

■ In his second issue, Appellant alleges that his original counsel's failure to file a timely notice of appeal in his original appeal constituted ineffective assistance of counsel. Appellant's issue relates to the initial appeal from his plea of guilty. Article 42.12 of the Code of Criminal Procedure provides that, upon proof of a violation, a trial court may revoke a defendant's community supervision. TEX.CODECRIM. PROC.ANN. art. 42.12, § 21 (Vernon Supp.

2000). The defendant then may appeal the revocation. TEX.CODECRIM.PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.2000). This issue, however, is not properly before us because it pertains to counsel's alleged inaction on appeal from the original conviction, not the revocation of community supervision. Appellant's second issue is overruled.

### THE FAILURE TO ADMONISH RE: GRAND JURY

■ In his final issue, Appellant claims that the trial court erred in failing to admonish Appellant that he had the right to appear before the grand jury and present his evidence. He argues that because no such admonishment occurred, Appellant's waiver of his right to be indicted was not voluntary. The State responds that Appellant does not have this right and no error occurred. Construing this as a challenge to the jurisdiction of the trial court, we will review this claim of error because an appellate court has an obligation to review the jurisdiction of the trial court. *See State v. Morse*, 903 S.W.2d 100, 102 (Tex.App.—El Paso 1995, no pet.) (under its general jurisdiction, an appellate court may review the exercise of a lower court's jurisdiction).

■ A criminal defendant or other person being investigated by the grand jury does not have the right to appear in person or by counsel before the grand jury. *Rogers v. State*, 774 S.W.2d 247, 262 (Tex. Crim.App.1989); *Morin v. State*, 682 S.W.2d 265, 267 (Tex.Crim.App.1983); *Moczygemba v. State*, 532 S.W.2d 636 (Tex.Crim.App.1976).

■ Article 1.141 of the Code of Criminal Procedure provides that "[a] person represented by legal counsel may *in*

---

1. Because Appellant pleaded true to those violations occurring prior to the filing of the motion for new trial and a finding of true to even one of the allegations is sufficient to revoke Appellant's probation, *Burns v. State*, 835 S.W.2d 733, 735 (Tex.App.—Corpus Christi 1992, pet. ref'd), we do not address, or express an opinion, as to whether the trial court had jurisdiction and authority to revoke community supervision for violations occurring after the filing of the motion for new trial. Such an issue requires a determination of Appellant's good faith in filing the motion for new trial, and is not necessary to our resolution of this case.

*open court* ... voluntarily waive the right to be accused by indictment of any offense other than a capital felony." (emphasis added). TEX.CODECRIM.PROC. ANN. art. 1.141 (Vernon 1977). This article contains no requirement for admonishments of any kind. In open court and on the record, the trial court advised Appellant of his right to indictment and inquired if Appellant wished to waive the same to which Appellant replied in the affirmative.

▮ Appellant cites article 26.13 of the Texas Code of Criminal Procedure for the proposition that the trial court is required to admonish a defendant that he has the right to present evidence to the grand jury. However, article 26.13 requires only admonishments to the range of punish-ment, the fact that plea bargains are not binding on the court, the general inability to appeal if the court concurs with a plea bargain, and the possibility of deportation if the defendant is not a U.S. citizen. TEX.CODECRIM.PROC. ANN. art. 26.13(a) (Vernon 1977). Substantial compliance is sufficient. *Id.* at subsection (c). Appellant's third issue is overruled.

The judgment of the trial court is *affirmed.*