

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00148-CR

_____

KUAYLON DEMON BATTLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 21907

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Kuaylon Demon Battle appeals from his conviction on his open plea of guilty to the second-degree felony offense of possession of a controlled substance (cocaine) with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003).[1] Battle was then sentenced by the trial court to ten years' confinement. Battle was represented by appointed counsel at trial and by different appointed counsel on appeal.

We first address the issue of this Court's jurisdiction over this appeal. Although jurisdiction is not raised as an issue in this appeal, this Court has jurisdiction to determine its jurisdiction. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002).

In this case, there are two certifications of right of appeal signed by the trial court and Battle, one stating that this is not a plea bargain case and the defendant has the right of appeal, and the other stating that it is a plea bargain case and the defendant has no right of appeal.

Unless a certification, showing that a defendant has the right of appeal, is in the record, we must dismiss the appeal. *See* TEX. R. APP. P. 25.2(d). Because one certification affirmatively shows

---

[1] We note that the judgment indicates the statute for this offense is Section 481.122 of the Texas Health and Safety Code: "Offense: Delivery of Controlled Substance or Marihuana to Child." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.122 (Vernon 2003). However, the indictment and the written plea admonishments both state that the offense in this case is possession of a controlled substance with intent to deliver. The indictment contained an additional drug-free zone enhancement which was later dropped by the State. Therefore, the proper section of the Texas Health and Safety Code under which Battle was convicted is Section 481.112.

Battle has the right of appeal, and because our review of the record before us does not reflect that this certification is incorrect, *see Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we determine that we do have jurisdiction over this appeal.

Appellate counsel filed a brief November 28, 2007, under the mandate of *Anders v. California*, 386 U.S. 738 (1967), and *Ex parte Senna*, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has accordingly also filed a motion to withdraw. Counsel sent Battle a copy of the brief and advised Battle by letter he believes there are no arguable contentions of error. He also informed Battle of his right to review the record and file a pro se response.

Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced, as required by *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). *See also Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel concluded from his review of the record there is no arguable point of error to support the appeal.

Counsel further states in the brief that the trial court had jurisdiction over the case, that there were no pretrial matters raised and overruled by the trial court, that the evidence is both legally and factually sufficient, and that Battle received effective assistance of counsel. Counsel's statements are supported by the record.

Battle indicates in his pro se response that the evidence was insufficient, that he was not notified of the "indictment hearing," that he was denied community supervision, and that he received ineffective assistance of counsel.

Battle states that Officer Lee Foreman of the Paris Police Department gave false testimony regarding his initial traffic stop of Battle and about the drugs Foreman found in Battle's possession. There is nothing in the record to indicate Foreman testified falsely. The trial judge, when sitting as the sole trier of facts, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. He or she is authorized to accept or reject any or all of the testimony of the witnesses for either the State or the accused. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).

Battle further states that he was harmed by not having been notified of his "indictment hearing" and by not having been given a chance to testify at that hearing. Battle's reference to an "indictment hearing" may be referring to the hearing by a grand jury when considering evidence to determine if an indictment is warranted. Only the grand jurors, court officials, and witnesses are allowed to attend grand jury sessions. TEX. CODE CRIM. PROC. ANN. art. 20.011 (Vernon 2005). An accused person has no constitutional right to appear before a grand jury personally or by counsel. *Moczygemba v. State*, 532 S.W.2d 636, 638 (Tex. Crim. App. 1976). If Battle is referring to some other pretrial hearing, he has not shown the requisite elements to require his attendance. A defendant's absence at a pretrial proceeding does not bear a reasonably substantial relationship to the

4

opportunity to defend where the defendant's insight is not needed for the trial court to rule on the issues presented and where the defendant does not have any information, not available to the attorneys or the court, regarding any of the matters discussed at the proceeding. *Adanandus v. State*, 866 S.W.2d 210, 219 (Tex. Crim. App. 1993); *Mann v. State*, No. 06-05-00157-CR, 2006 Tex. App. LEXIS 5351 (Tex. App.—Texarkana June 23, 2006, pet. ref'd) (mem. op., not designated for publication). Battle has provided no basis to conclude any insight he possessed would have helped his defense at any pretrial hearing.

Battle also states in his pro se response that he received ineffective assistance of counsel. The standard for evaluating ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). To be entitled to a new trial because his or her trial counsel was ineffective, an appellant must show (1) that counsel's performance was so deficient that counsel was not functioning as acceptable counsel under the Sixth Amendment and (2) that, but for counsel's error, the result of the proceedings would have been different. *See Strickland*, 466 U.S. at 687; *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

Battle was convicted on an open plea of guilty to the trial court and stated to the court that he did so freely, knowingly, and voluntarily and further signed written plea admonishments. Battle's conviction was for a second-degree felony offense. The range of punishment is two to twenty years' imprisonment and a $10,000.00 fine. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003). Battle

was sentenced within that range. No ineffective assistance of counsel, nor abuse of the trial court in the sentence pronounced, is shown.

We have reviewed the record and find the evidence sufficient to support the conviction. We agree with counsel there are no arguable points of error in this case.[2]

As noted in footnote one of this opinion, however, the trial court's judgment indicates the statute for the offense of which Battle was convicted was Section 481.122 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.122. Our review of the record shows that the correct statute for the offense is Section 481.112 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112.

This Court has the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to reform incorrect judgments is not dependent

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Battle in this case. No substitute counsel will be appointed. Should Battle wish to seek further review of this case by the Texas Court of Criminal Appeals, Battle must either retain an attorney to file a petition for discretionary review or Battle must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2.

Therefore, we hereby reform the judgment to indicate that the statute under which Battle was convicted is Section 481.112 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112.

As reformed, we affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     February 19, 2008
Date Decided:       February 25, 2008

Do Not Publish