In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00148-CR


______________________________




KUAYLON DEMON BATTLE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 21907




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Kuaylon Demon Battle appeals from his conviction on his open plea of guilty to the second-degree felony offense of possession of a controlled substance (cocaine) with intent to deliver. See
Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003). (1) Battle was then sentenced by the
trial court to ten years' confinement. Battle was represented by appointed counsel at trial and by
different appointed counsel on appeal.

 We first address the issue of this Court's jurisdiction over this appeal. Although jurisdiction
is not raised as an issue in this appeal, this Court has jurisdiction to determine its jurisdiction. State
v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), overruled on other grounds by State v.
Medrano, 67 S.W.3d 892 (Tex. Crim. App. 2002). 

 In this case, there are two certifications of right of appeal signed by the trial court and Battle,
one stating that this is not a plea bargain case and the defendant has the right of appeal, and the other
stating that it is a plea bargain case and the defendant has no right of appeal. 

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because one certification affirmatively shows
Battle has the right of appeal, and because our review of the record before us does not reflect that
this certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we
determine that we do have jurisdiction over this appeal.

 Appellate counsel filed a brief November 28, 2007, under the mandate of Anders v.
California, 386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980),
and has accordingly also filed a motion to withdraw. Counsel sent Battle a copy of the brief and
advised Battle by letter he believes there are no arguable contentions of error. He also informed
Battle of his right to review the record and file a pro se response. 

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record there is no arguable point of error to
support the appeal. 

 Counsel further states in the brief that the trial court had jurisdiction over the case, that there
were no pretrial matters raised and overruled by the trial court, that the evidence is both legally and
factually sufficient, and that Battle received effective assistance of counsel. Counsel's statements
are supported by the record.

 Battle indicates in his pro se response that the evidence was insufficient, that he was not
notified of the "indictment hearing," that he was denied community supervision, and that he received
ineffective assistance of counsel.

 Battle states that Officer Lee Foreman of the Paris Police Department gave false testimony
regarding his initial traffic stop of Battle and about the drugs Foreman found in Battle's possession. 
There is nothing in the record to indicate Foreman testified falsely. The trial judge, when sitting as
the sole trier of facts, is the exclusive judge of the credibility of the witnesses and the weight to be
given to their testimony. He or she is authorized to accept or reject any or all of the testimony of the
witnesses for either the State or the accused. Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim.
App. 1987). 

 Battle further states that he was harmed by not having been notified of his "indictment
hearing" and by not having been given a chance to testify at that hearing. Battle's reference to an
"indictment hearing" may be referring to the hearing by a grand jury when considering evidence to
determine if an indictment is warranted. Only the grand jurors, court officials, and witnesses are
allowed to attend grand jury sessions. Tex. Code Crim. Proc. Ann. art. 20.011 (Vernon 2005). An
accused person has no constitutional right to appear before a grand jury personally or by counsel. 
Moczygemba v. State, 532 S.W.2d 636, 638 (Tex. Crim. App. 1976). If Battle is referring to some
other pretrial hearing, he has not shown the requisite elements to require his attendance. A
defendant's absence at a pretrial proceeding does not bear a reasonably substantial relationship to the
opportunity to defend where the defendant's insight is not needed for the trial court to rule on the
issues presented and where the defendant does not have any information, not available to the
attorneys or the court, regarding any of the matters discussed at the proceeding. Adanandus v. State,
866 S.W.2d 210, 219 (Tex. Crim. App. 1993); Mann v. State, No. 06-05-00157-CR, 2006 Tex. App.
LEXIS 5351 (Tex. App.--Texarkana June 23, 2006, pet. ref'd) (mem. op., not designated for
publication). Battle has provided no basis to conclude any insight he possessed would have helped
his defense at any pretrial hearing. 

 Battle also states in his pro se response that he received ineffective assistance of counsel. 
The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v.
Washington, 466 U.S. 668, 687 (1984); see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim.
App. 1986). To be entitled to a new trial because his or her trial counsel was ineffective, an
appellant must show (1) that counsel's performance was so deficient that counsel was not functioning
as acceptable counsel under the Sixth Amendment and (2) that, but for counsel's error, the result of
the proceedings would have been different. See Strickland, 466 U.S. at 687; Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). 

 Battle was convicted on an open plea of guilty to the trial court and stated to the court that
he did so freely, knowingly, and voluntarily and further signed written plea admonishments. Battle's
conviction was for a second-degree felony offense. The range of punishment is two to twenty years'
imprisonment and a $10,000.00 fine. See Tex. Penal Code Ann. § 12.33 (Vernon 2003). Battle
was sentenced within that range. No ineffective assistance of counsel, nor abuse of the trial court
in the sentence pronounced, is shown. 

 We have reviewed the record and find the evidence sufficient to support the conviction. We
agree with counsel there are no arguable points of error in this case. (2)

 As noted in footnote one of this opinion, however, the trial court's judgment indicates the
statute for the offense of which Battle was convicted was Section 481.122 of the Texas Health and
Safety Code. See Tex. Health & Safety Code Ann. § 481.122. Our review of the record shows
that the correct statute for the offense is Section 481.112 of the Texas Health and Safety Code. See
Tex. Health & Safety Code Ann. § 481.112. 

 This Court has the authority to reform the judgment to make the record speak the truth when
the matter has been called to our attention by any source. French v. State, 830 S.W.2d 607 (Tex.
Crim. App. 1992). In Asberry v. State, 813 S.W.2d 526 (Tex. App.--Dallas 1991, pet. ref'd), the
court noted that the authority of the appellate court to reform incorrect judgments is not dependent
on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate
Procedure provide direct authority for this Court to modify the judgment of the trial court. Tex. R.
App. P. 43.2.

 Therefore, we hereby reform the judgment to indicate that the statute under which Battle was
convicted is Section 481.112 of the Texas Health and Safety Code. See Tex. Health & Safety
Code Ann. § 481.112. 

 As reformed, we affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: February 19, 2008

Date Decided: February 25, 2008


Do Not Publish
1. We note that the judgment indicates the statute for this offense is Section 481.122 of the
Texas Health and Safety Code: "Offense: Delivery of Controlled Substance or Marihuana to Child." 
See Tex. Health & Safety Code Ann. § 481.122 (Vernon 2003). However, the indictment and
the written plea admonishments both state that the offense in this case is possession of a controlled
substance with intent to deliver. The indictment contained an additional drug-free zone enhancement
which was later dropped by the State. Therefore, the proper section of the Texas Health and Safety
Code under which Battle was convicted is Section 481.112.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Battle in this case. No substitute
counsel will be appointed. Should Battle wish to seek further review of this case by the Texas Court
of Criminal Appeals, Battle must either retain an attorney to file a petition for discretionary review
or Battle must file a pro se petition for discretionary review. Any petition for discretionary review
must be filed within thirty days from the date of either this opinion or the last timely motion for
rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary
review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.