In re GRAND JURY PROCEEDINGS.

UNITED STATES of America, Appellee,

v.

Charles BALLIRO, witness before the Grand Jury, Appellant.

No. 77–2414
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 24, 1977.

Roland E. Dahlin, II, Federal Public Defender, Charles S. Szekely, Jr., Asst. Federal Public Defender, Houston, Tex., for appellant.

James R. Gough, U. S. Atty., Jack C. O'Donnell, Mary Sinderson, Asst. U. S. Atty., Houston, Tex., for appellee.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before CLARK and FAY, Circuit Judges:

PER CURIAM:

The appellant, Charles Balliro, refused to obey an order of the United States District Court for the Southern District of Texas compelling him to submit to the taking of fingerprints, palm prints, and photographs, at the behest of a federal grand jury sitting in Houston, Texas. Balliro appeals from the district court's subsequent order adjudging him in civil contempt and ordering him into the custody of the United States Marshal until obedience to the court's order or until expiration of the grand jury's term on January 14, 1978. We affirm the judgment of the district court.

On March 3, 1977, the appellant, Charles Balliro, was subpoenaed to appear before a federal grand jury in Houston, Texas that was investigating interstate transportation of counterfeit bonds. After Balliro was sworn and declined to cooperate voluntarily with the investigation by providing his fingerprints, palm prints, and a photograph, the presiding deputy foreman of the grand jury, at the request of the prosecutor, ordered Balliro to do so. Stating that he wished to preserve his constitutional rights, Balliro refused to obey.

On the same day, the prosecutor sought a motion to compel Balliro's compliance with the grand jury's order. After a hearing, the district court took the government's motion under advisement and, on April 7, 1977, granted it. When counsel for Balliro told the court on April 18, 1977, that the witness would refuse to obey the order, the government moved for an order finding Balliro in contempt of court and also for an order to show cause. On May 29, 1977, the court ordered Balliro to show cause why he should not be held in civil contempt for refusing to comply with the district court's order. Balliro waived personal appearance at this hearing. The district court adjudged him in contempt on July 1, 1977, and

ordered him into the custody of the United States Marshal until he complied with the order to compel or until the grand jury's term expired on January 14, 1978. On defense motion, the district court stayed execution of the contempt order pending appeal. Upon appeal, an abbreviated briefing schedule was set and an order entered that a decision would be reached by August 30, 1977.

The appellant maintains that the district court erred in granting the government's motion to compel, because the government attorney was using the grand jury to obtain evidence in furtherance of a governmental investigation. In support of this contention, the appellant argues that the FBI on several occasions had sought without success his voluntary compliance in securing identifying exemplars which they could not otherwise obtain because they lacked cause to arrest him. When served with the grand jury subpoena at his Massachusetts home, Balliro was offered the opportunity to supply his fingerprints, palm prints, and photograph instead of traveling to Houston, Texas, to answer the subpoena. When Balliro appeared before the grand jury and refused to cooperate voluntarily, the presiding deputy foreman of the grand jury, at the request of the prosecutor, ordered Balliro to submit to being fingerprinted, palmprinted, and photographed. The appellant maintains that these facts demonstrate that the grand jury had lost its independence and that, for this reason, the district court should have exercised its supervisory power over the proceeding, denied the government's motion to compel, and quashed the subpoena.[1]

This Circuit's recent decision in *United States v. Shaw*, 555 F.2d 1295 (5th Cir. 1977), controls the result in this case. The appellant in *Shaw* had complied voluntarily when directed by a grand jury to provide a voice exemplar. The voice exemplar later

---

1. Appellant recognizes that a grand jury's subpoena is not a seizure within the meaning of the fourth amendment and that a grand jury's directive to furnish identifying exemplars such as handwriting, fingerprints, and photographs does not violate any fourth or fifth amendment rights of the witness. *See United States v. Mara*, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973); *United States v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973).

played a crucial role in his conviction for devising a scheme to defraud the telephone company. Appellant asserted that, in this process, "the grand jury was reduced to nothing more than an arm of the prosecution and that to allow this practice will undermine the integrity of the grand jury system." However, the court stated:

> The mere fact that the prosecution in this case may have suggested that the defendant be called for the purpose of giving a voice exemplar in no way impugns the integrity of the grand jury's investigation.

555 F.2d at 1300.

██ A grand jury has broad investigative powers to determine whether a crime has been committed and who has committed it. The grand jurors may act on tips, rumors, evidence offered by the prosecutor, or their own personal knowledge. *See United States v. Dionisio*, 410 U.S. 1, 15, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973). Quashing a subpoena for a witness threatens the grand jury's historical prerogative to search for leads to and sources of physical and verbal evidence of criminal enterprise. In *United States v. Doe*, 541 F.2d 490 (5th Cir. 1976), this Circuit held that to quash a subpoena to appear before a grand jury because of prosecutorial misuse of the system the witness "must assert that the grand jury has lost its independence which is essential to the historical assumption of neutrality that underlies the grand jury process." 541 F.2d at 492 (footnote omitted). While asserting that the prosecutor abused the grand jury process, appellant has shown only that the grand jury acted upon information received by the prosecutor and presented by him to the grand jury and complied with his request to order the witness' cooperation. Accordingly, the district court's order of July 1, 1977, adjudging appellant in contempt and ordering him into the custody of the United States Marshal until obedience to the court's order or until expiration of the grand jury's term on January 14, 1978, is affirmed and this case is remanded to the district court for further proceedings consistent with this opinion.