**James Kevin COURSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–99–00005–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 24, 1999.

John Ernest Boundy, Angleton, for appellee.

Panel consists of YATES, FOWLER, and FROST.

## OPINION

PER CURIAM.

Appellant filed a pre-trial application for writ of habeas corpus in the trial court. In his application, appellant sought to prevent the State from prosecuting a charge of possession of a controlled substance in a penal institution, which was filed against appellant while he was serving a term in the Darrington Unit of the Texas Department of Criminal Justice—Institutional Division. Appellant claimed the State was not entitled to prosecute him for the offense because it had violated section 32.01 of the Texas Code of Criminal Procedure, the speedy trial act. The trial court denied appellant's application and he perfected this appeal. We dismiss.

■ Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction. *See Ex parte Culver,* 932 S.W.2d 207, 210 (Tex.App.—El Paso 1996, pet. ref'd) (citing *McKown v. State,* 915 S.W.2d 160, 161 (Tex.App.—Fort Worth 1996, no pet.)). We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us by law. *See id.* (holding that appellate court does not have jurisdiction to review appellant's claims based on law of the case and due process/due course of law because they may be addressed on direct appeal); *see also Apolinar v. State,* 820 S.W.2d 792, 794 (Tex.Crim.App.1991) (appellate court does not have jurisdiction to review interlocutory denial of plea in bar based upon double jeopardy); *McKown,* 915 S.W.2d at 161 (appellate court does not have jurisdiction to review interlocutory denial of defendant's motion to suppress). An appeal from a denial of a pretrial application for writ of habeas cor-

pus is an exception to this rule. *See Culver,* 932 S.W.2d at 210.

Habeas corpus is an extraordinary remedy that should not be used as a substitute for an appeal. *See Ex parte Clore,* 690 S.W.2d 899, 900 (Tex.Crim.App. 1985); *Ex parte Groves,* 571 S.W.2d 888, 890 (Tex.Crim.App.1978). Thus, an application for pretrial writ of habeas corpus should not be entertained where there is an adequate remedy by appeal after final judgment. *See Groves,* 571 S.W.2d at 890. A direct appeal is adequate to address claims regarding the issue of the right to a speedy trial. *See Ex parte Delbert,* 582 S.W.2d 145 (Tex.Crim.App.1979). Accordingly, a defendant may not use pretrial habeas corpus to assert his rights to a speedy trial. *See id.*

Based on the above authorities, we conclude that appellant may not utilize pretrial habeas corpus to raise his claims based upon section 32.01 of the Code of Criminal Procedure (the speedy trial act) because this contention may be adequately addressed on direct appeal in the event appellant is convicted.

In sum, we hold we have no jurisdiction to address appellant's complaint and thereby dismiss the appeal for want of jurisdiction.