**Patrick Bernard SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–99–01351–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 21, 2000.

---

Ken J. McLean, Jani J. Maselli, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, HUDSON, and DRAUGHN.[1]

## OPINION

JOE L. DRAUGHN, Senior Justice (Assigned).

Appellant appeals his conviction for the offense of capital murder. Following the jury's finding of appellant's guilt on the charged offense, the trial court sentenced appellant to life imprisonment.

In two points of error, appellant alleges that the trial court committed error by refusing to quash the indictment, and by failing to follow the strict requirements of article 11.08 of the Texas Code of Criminal Procedure. Specifically, in appellant's first point of error, he complains that the trial court erred in failing to grant his motion to quash the indictment based upon questions asked of grand jury witnesses by persons not authorized to conduct an examination of witnesses under article 20.04 of the Texas Code of Criminal Procedure. In appellant's second point of error, he alleges that the trial court erred in changing appellant's "Writ of habeas corpus" to a "Motion for Speedy Trial."

■ Beginning with appellant's second point of error, we find that appellant has

---

1. Senior Justice Joe L. Draughn sitting by assignment.

failed to preserve error for our review. Appellant made no objection to the trial court changing appellant's writ of habeas corpus to a motion for speedy trial. Accordingly, appellant has waived any error on the part of the trial court. Tex.R.App.P. 33.1.

■ Moreover, a pretrial writ of habeas corpus should not be entertained where an adequate remedy by appeal exists. *Ex parte Groves,* 571 S.W.2d 888, 890 (Tex.Crim.App.1978); *Courson v. State,* 996 S.W.2d 348, 350 (Tex.App.—Houston [14th Dist.] 1999, pet. dism'd). "A direct appeal is adequate to address claims regarding the issue of the right to a speedy trial." *Courson,* 996 S.W.2d at 350. Accordingly, appellant improperly used a pretrial habeas corpus to assert his rights to a speedy trial. *Id.* Appellant makes no allegations that trial court committed any error in denying appellant's motion for speedy trial. As a result of appellant failing to properly preserve error, if in fact any error even existed, appellant's second point of error is overruled.

■ Appellant's first point of error, however, presents this Court with an issue not as clearly developed by Texas jurisprudence. Appellant asserts that the trial court erred in failing to quash the indictment, knowing that the State clearly violated article 20.04 of the Texas Code of Criminal Procedure by allowing an investigating officer to question witnesses in grand jury proceedings. We disagree.

The Texas Code of Criminal Procedure provides:

> The attorney representing the State may examine the witnesses before the grand jury and shall advise as to the proper mode of interrogating them. No person other than the attorney representing the State or a grand juror may question a witness before the grand jury.

Tex.Code Crim.Proc.Ann. art. 20.04 (Vernon Supp.2000). The parties agree that the State violated this statute in allowing an investigating officer to question witnesses during the grand jury proceedings. The issue then becomes whether this error is subject to a harm analysis and, if so, whether the error was harmless.

■ Rule 44.2(b) provides that for non-constitutional errors, "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Tex.R.App.P. 44.2(b). "A constitutional error ... is an error that directly offends against the United States Constitution or the Texas Constitution without regard to any statute or rule that might also apply." *Alford v. State,* 22 S.W.3d 669, 673 (Tex.App.—Fort Worth 2000, no pet. h.); *Tate v. State,* 988 S.W.2d 887, 890 (Tex.App.—Austin 1999, pet. ref'd). The error complained of by appellant does not satisfy this test. Neither the United States nor Texas Constitutions set requirements on how grand jury proceedings are to be conducted, they merely assure that a person accused of a capital or infamous crime has the right to a presentment or indictment of a grand jury. U.S. Const. amend. V; *see* Tex. Const. art. I, § 10. Only when the action of the State amounts to a complete abrogation of the accused's right to an indictment of a grand jury are constitutional guarantees implicated. The conduct of the State in the present case, while erroneous, did not abrogate appellant's right to an indictment of a grand jury. The question then becomes, did the conduct of the State affect a substantial right of appellant, thus requiring us to perform a harm analysis.

"Under Rule 44.2(b) an error affects a substantial right of the defendant when the error has a substantial and injurious effect or influence in determining the jury's verdict." *Hernandez,* 13 S.W.3d at 508; *see King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997). "A criminal conviction will not be reversed for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Her-*

*nandez,* 13 S.W.3d at 508. Only one Texas case has examined a violation of article 20.04 of the Texas Code of Criminal Procedure in relation to Rule 44.2(b) of the Texas Rules of Appellate Procedure.

■ In *Pettigrew v. State,* the court correctly determined that a violation of article 20.04 is not constitutional in nature. 999 S.W.2d 810, 814 (Tex.App.—Tyler 1999, no pet.). The court erred however in holding that, because a violation of article 20.04 is not constitutional in nature, "we cannot do a harm analysis." *Id.* The court in *Pettigrew* failed to determine whether a violation of article 20.04 affected a substantial right. "It must be the case that the term 'substantial rights' is not synonymous with 'constitutional rights,' or the same words would have been used by the rule's drafters." *Ford v. State,* 977 S.W.2d 824, 826 (Tex.App.—Fort Worth 1998, pet. granted). The question then persists, does the violation of article 20.04 affect a substantial right? We believe that it does.

To argue that the clear, unambiguous, and mandatory language found in article 20.04 is not a substantial right "is to invite judicial activism of the worst sort—the judicial branch ignoring mandatory directives of the legislature in matters of criminal trial procedure." *Ford,* 977 S.W.2d at 827. Even the United States Supreme Court in *United States v. Mechanik,* determined that a harm analysis was appropriate when considering a violation of Rule 6(d) of the Federal Rules of Criminal Procedure, regarding who can be present at a grand jury proceeding. *See generally,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (Five justices examined the jury's verdict to determine harm, and three justices examined the grand jury's charging decision to determine harm.).

The Court in *Mechanik* never directly stated that the violation of Rule 6(d) affected a substantial right, but the Court did conduct a harm analysis. Justice Rehnquist, writing for the majority, began the analysis by applying Rule 52(a) of the Federal Rules of Criminal Procedure to errors occurring before a grand jury. Rule 52(a) "provides that errors not affecting substantial rights shall be disregarded." *Mechanik,* 475 U.S. at 71, 106 S.Ct. 938. This language is similar to that of Rule 44.2(b) of the Texas Rules of Appellate Procedure. If Justice Rehnquist found that the violation of Rule 6(d) did not affect a substantial right, the analysis would have ended with Rule 52(a). The analysis, however, did not end. Justice Rehnquist went on to conduct a harm analysis, holding that "the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation." *Id.* at 73, 106 S.Ct. 938.

In the concurring opinion, Justice O'Conner, joined by Justices Brennan and Blackmun, agrees with the majority opinion that violations of Rule 6(d) are subject to harmless error review, but disagrees that the focus of the alleged error should be on the effect of this error on the verdict. "A Rule 6(d) violation is one affecting the grand jury proceeding and is not in any sense a trial error. Accordingly, the logical focus of the harmless error inquiry is an examination of the influence of the error on the charging instrument." *Id.* at 76, 106 S.Ct. 938. Thus, regardless of how the harmless error analysis is applied, both the majority and concurring opinions agree that a harmless error analysis is proper under Rule 52(a). The same is true in the present case.

■ We therefore, hold that a violation of TEX.CODE CRIM.PROC.ANN. art. 20.04 affects substantial rights of the defendant and is subject to a harm analysis. "The questions complained of appear in the record and may be analyzed in relation to the rest of the witness' testimony before the grand jury, thereby allowing this court to 'meaningfully gauge or quantify the effect of the error.'" *Sanders v. State,* 978 S.W.2d 597, 600 (Tex.App.—Tyler 1997, pet. dism'd). Factors we should consider in this analysis include: (1) the source of the error; (2) the nature of the error; (3)

whether or to what extent it was emphasized by the State; (4) the error's probable collateral implications; (5) how much weight a juror would probably place on the error; and (6) whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989); *McGee v. State*, 23 S.W.3d 156, 165 (Tex. App.—Houston[14th Dist.] 2000, no pet. h.).

The questions asked by Sergeant Larry Ott of Adam Raymond White, Douglas Ray Hordge, and Charisse Crutch, were either duplicative of the questions asked by Assistant District Attorneys Elsa Alcala and Chuck Rosenthal, and grand jury members, or irrelevant. Sergeant Ott first questioned Adam White on how well he knew the victim and how long he knew the defendant. Sergeant Ott then asked Adam White questions that were previously asked by Assistant District Attorney Alcala. Later on in Adam White's testimony to the grand jury, Sergeant Ott asked Adam White questions similar to questions just previously asked by a grand juror. We find that Sergeant Ott's questions of Adam White were redundant and irrelevant.

With regard to the testimony of Douglas Ray Hordge, Sergeant Ott participated in the questioning only once to clarify on what day Hordge found the murder weapon. This questioning reiterated, in large part, testimony previously elicited by Assistant District Attorney Alcala. Sergeant Ott's clarification of when the murder weapon was found had little impact on the testimony of Douglas Hordge. Neither the Assistant District Attorneys nor grand jurors, followed up on this clarification. The record demonstrates that this testimony was irrelevant.

Lastly, Sergeant Ott participated in the questioning of Charisse Crutch only once. Sergeant Ott elicited testimony regarding the identity of an individual he saw in Charisse Crutch's home on the night he went to question her regarding the murder. Viewing the record as a whole, the relevance of this questioning to the murder is not readily apparent. The individual that Charisse Crutch identified is not indicated by any other witness as a person with knowledge of this murder. The only significant testimony elicited by Sergeant Ott, from Charisse Crutch, was the identity of a female ("Gail") who may have been present at the victim's apartment on the night of the murder. This information, however, constituted merely an identification. There is no indication that this female was ever questioned by the grand jury. The relevance of that testimony, therefore, is limited.

We conclude that Sergeant Ott's participation during the grand jury proceeding, though technically erroneous, made no contribution to the conviction or punishment and therefore constituted harmless error. *See Sanders v. State*, 978 S.W.2d 597, 601 (Tex.App.—Tyler 1997, no pet.). Accordingly, we overrule appellant's first point of error.

This opinion, however, can not be read as condoning the conduct of the State in this case. A violation of article 20.04 of the Texas Code of Criminal Procedure affects the substantial rights of the defendant, and must be analyzed on a case by case basis. Fortunately, in this case no harm resulted. This does not preclude a finding of harm in the future for a similar violation. This Court recognizes that having investigators present in grand jury proceedings is helpful to the State in ensuring that no significant information is missed during the questioning. Allowing, the investigators to participate in the questioning, however, is an abrogation of the law. No justifiable basis exists for the State's attorneys to shift their responsibility of interrogating grand jury witnesses, to investigating officers. We assume that such unauthorized questioning will not occur in future grand jury proceedings.

The trial court's judgment is affirmed.