Terry Gene FREEMAN, Appellant,

v.

STATE of Texas, Appellee.

No. 11–03–00173–CR.

Court of Appeals of Texas,
Eastland.

May 26, 2005.

David H. Stokes, Law Firm of David H. Stokes, for appellant.

Terry Gene Freeman, Tennessee Colony, pro se.

John Terrill, District Attorney, Stephenville, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

A jury convicted Terry Gene Freeman, appellant, of aggravated sexual assault of a child under the age of 14 years old. TEX. PEN. CODE ANN. § 22.021(a)(1)(B) (Vernon Supp.2004–2005). The jury assessed his punishment at life imprisonment. In his first point of error, appellant argues that he was denied the right to intelligent-

ly exercise his peremptory challenges during voir dire because of the failure of two veniremembers to disclose that they served on the grand jury that indicted appellant's wife for failing to protect her child, the victim, from appellant. TEX. PEN. CODE ANN. § 22.041(c) & (f) (Vernon 2003). In his second point of error, appellant contends that he was denied effective assistance of counsel because his counsel failed to preserve error after the trial court denied his challenges for cause against two additional veniremembers. We affirm.

Appellant's wife was indicted on September 19, 2002, for failure to protect her daughter (appellant's stepdaughter) from appellant's sexual assault. Section 22.041(c) & (f). Appellant was indicted by the next impaneled grand jury on February 4, 2003, for the offense of aggravated sexual assault of his stepdaughter. Appellant's trial was held on May 5 and 6, 2003.

◼ In his first point of error, appellant claims that he was denied his right to intelligently exercise his peremptory challenges on voir dire because two jurors at his trial, Garry Lynn Horn and Elizabeth Ann Hanson Baxter, were untruthful and did not disclose that they had previously served on the grand jury which indicted appellant's wife for failing to protect the victim.

At the outset of voir dire, the prosecutor told the venire panel that he planned to call appellant's wife as a witness, that "she currently has a pending indictment against her arising out of this same case," that the charge against her was "failing to act to prevent this from happening," and that he would give her "use immunity." The prosecutor then told them that "use immunity" meant that the wife could be forced to testify in this case, but that the State could not use her testimony in this case in the case against her. The prosecutor then

asked Horn whether granting use immunity to appellant's wife would have any effect on his judging her credibility. Horn answered, "Not at all."

During voir dire, the prosecutor asked if anyone knew Brent Luttrell, a potential witness. Horn said that he did and that he knew Luttrell through school. The prosecutor then asked if Horn knew anything about this case. Horn said, "No."

When the State concluded its questioning, appellant's counsel asked the venire panel if anyone knew the prosecutor. Baxter said that she knew the prosecutor from serving on the grand jury during the second half of the previous year. Counsel then asked Baxter if "anything about that experience might influence [her]?" Baxter said, "No." Appellant's counsel also asked Horn if he knew the prosecutor. Horn said that he had been on the grand jury twice and that both of the prosecutor's children were in high school when Horn was the high school principal. Counsel then asked if "[a]nything about that that might have you leaning one way or the other?" Horn said, "Not at all." Later, an unidentified venireperson stated that he or she was on the same grand jury as Baxter. The unidentified venireperson may have been Horn; however, the record only refers to a "venireperson."

Appellant's first point of error was not presented to the trial court in a motion for new trial. Thus, the record on this issue is limited. Based on the dates that Baxter said that she served on the grand jury, it appears that Baxter was on the grand jury that indicted appellant's wife; but the record does not confirm that fact. Horn may be the person who signed the wife's indictment as foreperson of the grand jury, but there is nothing in the record to establish that he was.

■ There is nothing in the record to show that Horn and Baxter were biased or prejudiced even if they did serve on the wife's grand jury. Their brief answers may have been truthful; there is no evidence in the record to show otherwise. In the absence of a showing that panel members were biased or prejudiced by prior jury service, no error is shown. *Kirkland v. State*, 786 S.W.2d 557, 559–60 (Tex.App.-Austin 1990, no pet'n).

■ A defendant does have the right to question veniremembers in order to intelligently exercise peremptory challenges and challenges for cause. *Linnell v. State*, 935 S.W.2d 426, 428 (Tex.Cr.App.1996). A defense counsel normally should ask questions calculated to bring out information that might indicate a prospective juror's inability to be impartial. *See Armstrong v. State*, 897 S.W.2d 361, 363 (Tex.Cr.App. 1995). Yet, the failure of counsel to ask questions during voir dire does not necessarily mean that counsel's conduct was deficient. *See Goodspeed v. State*, No. PD–1882–03, —— S.W.3d ——, 2005 WL 766996 (Tex.Cr.App.2005).

This case is similar to *Armstrong v. State, supra.* The issue in *Armstrong* was whether a prospective juror's failure to reveal that she and the prosecutor were close friends constituted juror misconduct. The court held that it did not because no one had asked the panelists if they knew the prosecutor. *Armstrong v. State, supra* at 364; *see Goodspeed v. State, supra* at ——. No one asked Horn and Baxter if they served on the grand jury that indicted appellant's wife.

During the six-month grand jury term, the grand jurors may have reviewed many cases. Even if it is established that Horn and Baxter served on the grand jury that indicted appellant's wife, it may be that they did not remember any facts relating to the charge against appellant. We can only say that appellant has not shown that Horn or Baxter were biased or prejudiced and were not impartial jurors. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that he was denied effective assistance of counsel. Specifically, appellant argues that trial counsel failed to preserve error after the trial court denied his challenges for cause against two veniremembers, Toler and Weiler. When a challenge for cause made by the defense has been denied, the defense must preserve error by: (1) exercising a peremptory challenge against the veniremember whom the trial court failed to excuse for cause; (2) exhausting his peremptory challenges; (3) having a request for an additional peremptory challenge denied; and (4) identifying an objectionable jury member in the case. *Johnson v. State*, 43 S.W.3d 1, 7 (Tex.Cr.App.2001). The two veniremembers did not serve on appellant's jury; however, trial counsel did not request additional peremptory challenges or identify two objectionable jury members. This point of error also was not raised in a motion for new trial.

To determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex.Cr.App.1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance; and appellant must overcome the presumption that, under the circumstances, the challenged action might be

considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508–09 (Tex.Cr. App.1991).

If the trial court did not abuse its discretion in denying the two challenges for cause, then it is immaterial that trial counsel did not take steps to preserve error after the trial court denied his challenges for cause against Toler and Weiler. We review a trial court's ruling on a challenge for cause with "considerable deference" because the trial court was in the best position to evaluate the veniremember's demeanor and responses. *Newbury v. State*, 135 S.W.3d 22, 32 (Tex.Cr. App.2004). A trial court's ruling on a challenge for cause will be reversed "only if a clear abuse of discretion is evident." *Id.* at 32. After reviewing the record, we find that the trial court below did not abuse its discretion in denying appellant's challenges for cause against Toler and Weiler. There was no need for trial counsel to preserve the alleged error.

Appellant claims that the trial court should have granted his challenge for cause to Toler because Toler did not correctly understand the concepts of "beyond a reasonable doubt" and "presumption of innocence." Appellant points to the record where Toler said that he would expect the defense to present some evidence and that he would be troubled if the defendant did not present some evidence. As the veniremembers did in *Newbury*, however, Toler also testified that he could follow the law. The prosecutor asked Toler if he could follow the law if the court instructed him that the burden is on the State to prove its case and that the defendant does not have to call any witnesses. Toler replied, "To the best of my ability I would, yes."

Appellate courts should not second-guess a trial court's ruling on a challenge for cause even where the veniremember's responses are "vacillating, unclear, or contradictory." *Colburn v. State*, 966 S.W.2d 511, 517 (Tex.Cr. App.1998). We find that the trial court did not abuse its discretion in denying appellant's challenge for cause to Toler.

Appellant points out that Weiler testified that he had been a police officer for 27 years and the Tarleton State University Campus Police Chief from 1980–1987. Weiler indicated that he had been working with Child Protective Services for almost a year. The following exchange then took place:

[DEFENSE COUNSEL]: [Y]ou said that your experience with CPS would make it' basically impossible for you to be—listen to all of the evidence and be entirely fair in this case; is that correct?

[WEILER]: I won't say basically impossible—huh—but I did nine months investigation of which I had several cases involving parent-child sexual intercourse, and in only one case did I disprove that the child was doing it for retaliation.

Again, similar to the testimony in *Newbury*, Weiler subsequently testified that he could decide this case based solely on the evidence in this case; that he would not begin this case with a preconceived idea because of his past experience; and that, if he was convinced that the State did not prove its case, he could find the defendant not guilty.

[PROSECUTOR]:—but can you—can you—huh—decide this case based solely on the evidence in this case?

[WEILER]: That's—Yeah, that's what you do in each case.

\* \* \*

[PROSECUTOR]: If you heard the testimony and the evidence, regardless of

what your experience in life has been, and you were convinced the defendant—that the state didn't prove the case beyond a reasonable doubt, could you find the defendant not guilty?

[WEILER]: Yes.

The prosecutor asked Weiler three times if he had any preconceived idea about how this particular case should come out, and each time Weiler said that he had no preconceived idea about this case.

Based on the record in this case, the trial court could have reasonably concluded that no evidence was adduced from Weiler that he had formed any opinion about appellant's guilt. We cannot conclude that the trial court clearly abused its discretion in denying appellant's challenge for cause to Weiler. Appellant's second point of error is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.

W.G. ARNOT, III, Chief Justice, dissenting.

I respectfully dissent.

Protections afforded to a defendant at his or her jury trial are not present during grand jury proceedings. 2 FRANK MALONEY & MARVIN O. TEAGUE, TEXAS CRIMINAL PRACTICE GUIDE § 40.07 (Matthew Bender & Co. ed., March 2001 & Aug. 2003). An accused does not have the right to confront or cross-examine witnesses who appear before the grand jury. *Moczygemba v. State*, 532 S.W.2d 636 (Tex.Cr.App.1976). An accused does not have the right to even appear before the grand jury, either by counsel or in person. *Id.* at 638. An accused has no right to counsel if called to testify before the grand jury. *Harris v. State*, 450 S.W.2d 629 (Tex.Cr.App.1970). An accused has no right to present excul-

patory evidence to the grand jury. Grand jurors may consider tips, rumors, hearsay, or their own personal knowledge. *In re Grand Jury Proceedings*, 558 F.2d 1177 (5th Cir.1977). Only the State may question a witness. TEX. CODE CRIM. PRO. ANN. art. 20.04 (Vernon 2005); *Smith v. State*, 36 S.W.3d 134 (Tex.App.-Houston [14th Dist.] 2000, pet'n ref'd).

The grand jury that served from July to December 2002 indicted appellant's wife on September 19, 2002, for failure to protect her daughter. TEX. PEN. CODE ANN. § 22.041(c) & (f) (Vernon 2003). The next impaneled grand jury indicted appellant for aggravated sexual assault. The two jurors in appellant's case served on the grand jury that had previously indicted appellant's wife.

To indict appellant's wife for failing to protect her daughter from appellant, the State had to present enough evidence to give the grand jury reason to believe that the victim was in danger of being assaulted by appellant and that the wife knew or should have known of that threat. TEX. CODE CRIM. PRO. ANN. art. 20.19 (Vernon 2005). Without evidence that the victim was in danger from appellant, appellant's wife could not have been indicted for this offense.

Because grand jury proceedings are kept secret, we do not know what evidence concerning appellant's danger to the child was presented to his wife's grand jury. TEX. CODE CRIM. PRO. ANN. art. 20.02(a) (Vernon 2005). It is a reasonable assumption that some of the testimony from prosecuting witnesses at appellant's trial was heard by the grand jurors who indicted appellant's wife. But only one side of the story would have been heard. It is a reasonable assumption that the grand jurors on appellant's wife's case had passed on the credibility of witnesses as

well as having passed on the credibility of some of the evidence presented at trial. It is improbable that these jurors could sit without their previous opinion and grand jury service influencing them.

I do not find the cases cited by the majority analogous. I would hold, as a matter of law, that Garry Lynn Horn and Elizabeth Ann Hanson Baxter were impliedly biased. Because of their silence, appellant was denied the right to intelligently exercise his peremptory challenges.