IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0074-06






SAMUEL ALLEN WEBB, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


SAN SABA COUNTY






Holcomb, J., filed a dissenting opinion, in which Johnson, J., joined.




 San Saba (pop. 2,593) and Cherokee (pop. 175) are both towns in San Saba County (pop.
6,086). (1) San Saba is also the county seat of San Saba County. On November 1, 2001, a grand jury
sitting in San Saba returned an indictment charging appellant, a recent resident of Cherokee, with sexual
assault of a child under Texas Penal Code § 22.011(a)(2)(A). One of the persons sitting on the grand jury
was Sara H., a resident of San Saba.

 On August 25, 2003, the State brought appellant to trial under the indictment. During voir dire,
defense counsel asked the venire members, one of whom was Sara H., "Is there anybody . . . on the entire
panel who has heard anyone discuss this case or someone say they thought they knew what the facts of
the case might be?" Sara H. did not respond. A jury of twelve, including Sara H., was later selected and
sworn, and appellant was tried and convicted. 

 Between the guilt and punishment stages of trial, appellant learned that Juror Sara H. had previously
served on the grand jury that indicted him. Appellant timely filed a motion for mistrial and a motion for new
trial, both of which argued that Sara H.'s failure to respond during voir dire denied appellant the
opportunity to ask "follow-up questions concerning any partiality, bias, or prejudice that [Sara H.] may
have had based on her knowledge of the purported facts as presented to her as a grand juror." Appellant
argued further that Sara H.'s actions denied him his right to the intelligent exercise of his peremptory and
causal challenges and his right to the effective assistance of counsel. 

 After an evidentiary hearing, at which Sara H. testified, the trial court denied both of appellant's
motions. The court explained that it found that Sara H. "had no actual facts about the case actively in her
mind, and that no harm could have come from [her] serving on the jury after serving on the grand jury."

 The Third Court of Appeals later upheld the trial court's rulings on the ground that "[a]t no time
[during voir dire] did [defense] counsel inquire whether anyone had served on a grand jury - or the grand
jury at issue - nor did he question Sara H. individually about any matter." Webb v. State, No. 03-04-00004-CR (Tex.App.-Austin, Aug. 4, 2005) (not designated for publication). 

 The majority of this Court now upholds the judgment of the court of appeals, explaining that
appellant "did not ask specific enough questions to determine whether anyone on the [jury] panel had
served on the grand jury." The majority also opines that the trial court could have reasonably concluded
that, at the time of trial, Sara H. "did not remember any facts or evidence that may have been presented
to the grand jury and she was not biased against Appellant."

 I respectfully dissent. As I noted previously, defense counsel, during voir dire, asked the venire
members whether they had ever heard anyone discuss this case. That question was certainly specific
enough to determine whether anyone on the venire, including Sara H., had served on the grand jury. How
could anyone serve on the grand jury, the accusatory body that indicted appellant, without hearing
someone discuss the facts of this case? Certainly, the grand jury must have received evidence, some of
it probably inadmissible in court, and must have heard the argument of the prosecutor. The conclusion is
inescapable that Sara H. failed to respond appropriately during voir dire and that if she had done so, she
would have been challenged for cause and struck from the jury panel. As the majority notes, Article
35.16(a)(7) of the Code of Criminal Procedure allows a venire member to be challenged for cause if he
previously served on the grand jury.

 I also do not agree that the trial court could have reasonably concluded that Sara H. was not biased
against appellant. Under the facts presented, I would hold that Sara H. was impliedly biased as a matter
of law. In my opinion, it is improbable that Sara H., whatever she might think in her own mind, could sit
as a juror without being influenced by her previous service as a grand juror. In any event, the threat that
her grand jury service biased her was too great for the trial court to ignore. 

 Finally, Sara H.'s service on appellant's jury, after having served on the accusatory body that
indicted him, has the appearance of impropriety. Frankly, it looks really bad. I note that all these events
occurred in a county of very limited population, where, presumably, everyone knows everyone else's
business. I also note that in a very similar case, Chief Justice Arnot expressed the view that jurors who had
also served as grand jurors were impliedly biased as a matter of law. See Freeman v. State, 168 S.W.3d
888, 893-894 (Tex.App.-Eastland 2005, pet. ref'd) (Arnot, C.J., dissenting).

 I respectfully dissent. I would hold that the trial court abused its discretion in denying appellant's
motions for mistrial and new trial, and that the court of appeals erred in holding otherwise.


FILED JUNE 13, 2007

PUBLISH
1. All population figures obtained from The Texas Almanac 303 (2006).