

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00137-CR

_____

TONY MILNER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-15-25362-1

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Tony Milner filed a motion in the trial court seeking dismissal of the State's pending criminal case against him claiming (1) a violation of his right to a speedy trial[1] and (2) that the State, without cause, failed to present an indictment or information against him within 180 days of his arrest.[2] The trial court overruled Milner's motion, and Milner promptly filed a notice of appeal indicating that he was appealing from "the denial of his motion to dismiss for want of speedy trial and motion to dismiss for lack of presentment of indictment within 180 days of arrest."

As a general rule, the Texas Legislature has only authorized appeals by criminal defendants from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but in the absence of an appealable judgment or order, we are without jurisdiction to hear an appeal. The law is clear in Texas "that a defendant may not take an interlocutory appeal from a pretrial order denying a motion to dismiss because of an alleged

---

[1]The federal right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, which is made applicable to the State of Texas by the Fourteenth Amendment to the United States Constitution. *See* U.S. CONST. amend. VI, XIV. Texas' speedy trial right is guaranteed by Article I, Section 10 of the Texas Constitution. *See* TEX. CONST. art. I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. arts. 1.03, 1.05 (West 2005).

[2]Article 32.01 of the Texas Code of Criminal Procedure states,

> (a)     When a defendant has been detained in custody or held to bail for the defendant's appearance to answer any criminal accusation, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against the defendant on or before the last day of the next term of the court which is held after the defendant's commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

TEX. CODE CRIM. PROC. ANN. art. 32.01(a) (West, Westlaw though 2015 R.S.).

2

violation of his right to a speedy trial." *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. [Panel Op.] 1979) (citing *Ordunez v. Bean*, 579 S.W.2d 911 (Tex. Crim. App. 1979)); *see United States v. MacDonald*, 435 U.S. 850, 862 (1978) ("Allowing an exception to the rule against pretrial appeals in criminal cases for speedy trial claims would threaten precisely the values manifested in the Speedy Trial Clause.").

While less clear, we agree with our sister courts in Beaumont and Houston's Fourteenth Appellate District that the denial of a pretrial motion to dismiss based on an alleged violation of Article 32.01 of the Texas Code of Criminal Procedure is likewise not reviewable via an interlocutory appeal. *See Williamson v. State*, No. 09-08-308 CR, 2008 WL 4509506 (Tex. App.—Beaumont Oct. 8, 2008, no pet.) (mem. op., not designated for publication) (dismissing interlocutory appeal from order denying motion to set aside indictment pursuant to Article 32.01); *Courson v. State*, 996 S.W.2d 348 (Tex. App.—Houston [14th Dist.] 1999, pet. dism'd) (per curiam) (stating Article 32.01 claims are reviewable on direct appeal after final judgment).

By letter dated September 30, 2015, we notified Milner of this potential defect in our jurisdiction and afforded him the opportunity to respond. We received no response.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     October 26, 2015
Date Decided:       October 27, 2015

Do Not Publish

3