

# NUMBERS 13-25-00063-CR, 13-25-00064-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BILLY RAY WALKER,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

## ON APPEAL FROM THE 415TH DISTRICT COURT
## OF PARKER COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice Cron**[1]

---

[1] This case is before the Court on transfer from the Second Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it differs from our own. *See* TEX. R. APP. P. 41.3.

A jury convicted appellant Billy Ray Walker of one count of burglary of a building[2] and one count of theft of property with a value between $2,500 and $30,000.[3] *See* Tex. Penal Code §§ 30.02, 31.03. Walker pleaded "true" to seven state-jail enhancements, and the trial court sentenced him to concurrent seven-year terms of imprisonment. In a single issue in both causes, Walker argues that the trial court abused its discretion in denying his challenge for cause to veniremember 30 because she "unequivocally" stated that she "would not be able to afford [him] his constitutional right of the presumption of innocence which caused an objectionable venire[member] to be seated on the jury" after the trial court denied him an additional peremptory challenge. We affirm.

## I.    BACKGROUND

### A.    Voir Dire Proceedings

After the commencement of trial, but prior to the parties questioning of the venire panel, the trial court instructed the panel, in relevant part, as follows:

[The Court]:   [W]e start criminal cases off with the presumption of innocence. Okay? And our law says a person who's accused of a commission of a crime comes to court presuming to be innocent, and that presumption applies in all criminal cases regardless of the crime charged. Whether we be down in municipal court handling a speeding ticket, if we were here in this building and there was—we would have had a school shooting and there be multiple homicides, if the style of the case says State of Texas versus somebody, when somebody comes to court, somebody's presumed to be innocent. Okay?

Now, the fact that a person has been arrested for, charged with, or indicted for the commission of an offense is no evidence of that person's guilt. That's an instruction I will give

---

[2] This conviction arises from trial court cause number CR24-0384 and was docketed as appellate cause number 13-25-00063-CR.

[3] This conviction arises from trial court cause number CR24-0385 and was docketed as appellate cause number 13-25-00064-CR.

you at the end of the trial. And that instruction highlights to you that we can all assume that something has occurred prior to today that has caused us to be here. Okay? Allegation of some type of conduct occurring. If it occurred, it may have had a police agency get involved.

If a police agency gets involved, may have led to an arrest of a person. If a person is arrested, the police department has to take all of their information, put it together to present to the district attorney's office for the DA to decide whether or not they want to prosecute the case.

If the DA decides they want to prosecute the case and the cases are a felony, has to be presented to a grand jury for an indictment before we get to trial.

Trial is the last step. That's the step we're on here today. So you can presume that all of those previous steps in these cases have occurred, but this instruction tells you that shouldn't matter to you, okay, based on what you see and hear in the courtroom.

Anybody here feel that you can't follow this instruction? Okay. I see no hands. That presumption of innocence alone is sufficient to acquit the defendant. Okay?

Later, during the voir dire proceedings, Walker, through his counsel, posed a "scale"[4] question to the panel and subsequently challenged veniremember 30 for cause based on her answer to that question as set forth below:

[Counsel]: [A]ll right. Now, this exercise is going to take a minute or two, but I'm going to let you—I have to get the answer for each and every one of you, but the good news is you're just going to give me a numerical answer between one and 10. Let me read it for the benefit of the people that can't see it. So[,] it's talking about the presumption of innocence, and then it's going to ask you to give your answer one at a time just one through 10. All right?

So[,] you've been instructed . . . Walker is presumed to

[4] Because the parties and the trial court refer to the question as a "scale" question, we will do the same.

3

be innocent unless the State proves its allegations beyond all reasonable doubt. As he sits here, can you presume him innocent and do you have a feeling that he's guilty that you cannot set aside? If you cannot presume him innocent, how strong is your belief that he is guilty of a crime that you cannot set aside? Now, you can believe he's guilty of a crime, you can have that thought, but you try to set it aside as a juror. Does that make sense?

So[,] here's your—this is the correct answer: Zero. He's innocent as he sits here. One to three: I believe there's a slight chance he's guilty that I cannot set aside. That's one to three.

Four to seven: Pretty good chance he's guilt[y] that I cannot set aside. Are y'all with me so far on the people that can't see it?

Zero is like presumed innocent. Then it sort of goes more towards I'm having a problem now.

Eight to nine: Very unlikely he's presumed innocent. Very unlikely he's not guilty that I cannot set aside.

10 says don't bother with the trial, I've already made up my mind. So[,] if you raise your hand and say 10, I'm going to have some questions for you. And you might, and that's fine.

But I'm going to ask you to do—and I'll repeat them if you need me to. I'm just going to go down the row and just ask you to give me your answer. And I'm telling you the instructions are that zero is the correct answer, but you don't have to believe that. Right?

. . . .

[Counsel]:                    [Veniremember 30]?

[Veniremember 30]: One.

. . . .

[Counsel]:                    Judge, I'm basically challenging on my scale question

4

|  |  |
|---|---|
|  | when I told them the answer was zero, the ones that answered above zero's [are] who I'm challenging. |
| The Court: | Okay. |
| [Counsel]: | That's Juror No. 4, . . . ; No. 6, . . . ; No. 22, . . . ; No. 27, . . . ; No. 30, . . . ; No. 35, . . . ; No. 39, . . . . And that's it. |
| The Court: | And State says no, right? |
| [The State]: | That is correct. |
| The Court: | Okay. |
| [The State]: | I don't think that his scale question informed the jury—number one, the jury can think whatever they want. But the following question should have been if the judge says that you have to find—determine the credibility of the witnesses on your own, if they can follow that law, then they would be fine. |
| The Court: | Okay. I'm going to grant the challenge to 35. Okay? And I would propose that we bring them back individually to just ask them the proper—not the proper question, but ask the questions that need to be asked. Okay? |
| [The State]:[5] | Yes, Your Honor. |
| The Court: | So, [Counsel], tell me for purposes of the record the basis of your challenge. |
| [Counsel]: | I think under 35.16, they have a bias against the presumption of innocence. Because I told them on there that they must be able to set it aside. If they cannot set it aside, they chose the answer that said—the answer that's correct is—I've got the form here printed out that one to three is I believe there's a slight chance he's guilty, but I cannot set it aside; and then four to five, it's a pretty good chance that he's guilty that I cannot set aside. So[,] I think the scale at least gets |

---

[5] We note that the State responded at times through two different attorneys, but we refer to them herein as the State only.

them back in the room, but we can ask them if they can set it aside or not.

The Court: All right. We'll call each juror in individually.

The following exchange then occurred with veniremember 30:

The Court: [C]ome in, [veniremember 30]. Just have a seat right here. This is prospective Juror No. 30. . . . Dealing with the scale question, the presumption of innocence—and, I'm sorry, I did not write down your answer.

[Veniremember 30]: One.

The Court: Okay. I believe there's a slight chance he's guilty that I cannot set aside. Okay? "That I cannot set aside" is what I'm focusing on.

[Veniremember 30]: True.

The Court: Tell me your thoughts.

[Veniremember 30]: Well, I struggle with—the law tells me that I'm supposed to be zero, my faith tells me that I'm under oath and I need to be completely honest. So[,] as I sit here as a faith-driven person, I struggle with do I follow my conscience or do I follow the law. And my husband and I talk about this: Who holds you accountable? And I ask him that, and he asks me that. And above all, my answer's always God. So[,] I understand that it's a technicality with the "cannot set aside." I see that. But I also owe it to myself to follow my gut feeling, and I'm not—I don't know the man, I don't know anything about him. And maybe it's in my personality flaw that I question things when I shouldn't, but if I have a feeling, I can't ignore that, and I can't sit with my hand raised and tell you that I don't have that feeling. And I feel bad, because it's my—you've asked me to set all that aside, but I'm being entirely honest with you and saying that there is a sliver of question.

The Court: So[,] do you remember back when I first started talking, and I said, okay, the purpose of this is to find out your feelings on the law, and if you have a disagreement

6

with the law, you need to tell us about it? Is that what you just told us?

[Veniremember 30]: You know, I'm not a contrarian; I'm a firstborn child. I don't question anything; I generally follow everything. I'm just coming from my heart and my gut and saying I'm not questioning anything that's been provided nor the capability of anybody in front of me. I'm just saying as a human, I just have a feeling. Now, I can be 100 percent wrong. But I felt like I owed it to everybody here who asked me that that—that's my thing. That doesn't mean that I can't set aside all that and think straight because you've asked me to do that. But to start off with I just have that feeling, but I can be entirely wrong.

The Court: Okay. So[,] here's my question: You've got feelings—obviously, strong feelings about faith, and then you've got feelings that I've got to follow the law. Okay? The law says basically that if a person chooses to exercise[] their right to remain silent, then the finders of fact cannot consider that as any evidence of guilt and you cannot talk about it. Okay. With you, the question is could you follow the law where it says you cannot treat that as any evidence of guilt?

[Veniremember 30]: I think, essentially, yes, I would, because that's what I'm supposed to do, and I always try to do the right thing.

The Court: State have any questions?

[The State]: No, sir.

The Court: Defense?

[Counsel]: Yes, Your Honor.

[Veniremember 30], bear with me, I just have—and you're exemplary for just being honest. I appreciate your honesty.

So[,] are you saying, though, to boil it all down, the scale question, you said in your heart of hearts, you used that phrase a couple of times. In your heart of hearts, you feel like you're being more honest to say

7

| | |
|---|---|
| | I'm not sure I can set aside that feeling that you— there's a slight chance he's guilty as he sits here. You're saying I cannot set that aside? |
| [Veniremember 30]: | I think at the end of the day I should and can. I'm just being honest. You know, when I read that, when you say "cannot set aside," those are the keywords—at first, I missed that part. I look at it is I believe there's a slight chance. That's what I focused on. So[,] at the end of the day, my job is to set all of that aside and then follow my conscience with the Holy Spirit and faith and say this is what I'm supposed to do, this is what I'm going to do. |
| [Counsel]: | Do you understand you're not under any obligation to should [(sic)] or do anything? You're not supposed to do anything. You're only supposed to give us honest answers right now. |
| [Veniremember 30]: | But that is what I think is my job is to give you an honest answer. |
| [Counsel]: | Right. So[,] you'll be totally unaffected by that thought if you were listening to the evidence and then— throughout the case and in the jury room, you'd be totally unaffected by that answer? |
| [Veniremember 30]: | Again, there's a word right there, "totally," that I'm getting stuck on. I'm being honest. But I know I'm supposed to do it, so at the end of the day, I will do it. |
| [Counsel]: | I pass the witness, Judge. |
| The Court: | Thank you, ma'am. Defendant's challenge is denied. |

Shortly thereafter, the trial court announced the proposed panel members to be seated on the jury and asked the parties if they had any challenges or objections to them. Walker's counsel then stated, among other things, that he had to use a strike on veniremember 30 and offered into evidence the "scale question," which was admitted without objection. He then requested an additional strike to use on veniremember 29 who

8

he found objectionable because she had "been a victim of a theft." The trial court denied Walker's request. Subsequently, Walker's counsel explained that he had exhausted all ten of his strikes and, again, requested "one additional peremptory." Additionally, he explained that he would soon file a motion with his request and provided the trial court with "an order." After explaining he had no other objections, the following exchange ensued:

[Counsel]: Judge, sorry, just out of an abundance—can't even speak—abundance of caution, by that scale question I mean that she has a bias against the law in favor of the defense [(sic)], and she cannot fully presume somebody innocent without it affecting—she could not set it aside fully, and it would affect her in her deliberations. She said a couple times in her heart of hearts she was being honest about that. So[,] I think she was being forthcoming here, so that's why we objected. There's no other challenge.

The Court: And I signed that, and you can have it filed with the clerk.[6] Okay. I'm ready.

## B. Guilt-Innocence; Punishment

At the conclusion of the guilt-innocence phase of the trial, the jury found Walker guilty in both causes. And after a contested punishment phase, the trial court assessed punishment as described above. This appeal ensued.

## II. CHALLENGE FOR CAUSE

Walker argues that the trial court improperly denied his challenge for cause to veniremember 30 because she had a bias against him because she could not afford him the presumption of innocence. Further, he argues that improper denial caused him to exhaust his peremptory challenges and allow an objectionable juror to be seated on the

---

[6] We observe in the record an order signed by the trial court in which it denied Walker additional peremptory challenges.

jury.

## A. Standard of Review and Applicable Law

Both the United States and Texas Constitution guarantee the accused a right to a trial "by an impartial jury." U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. "A veniremember is challengeable for cause if (among other reasons) he has a bias in favor of or against the defendant or a bias or prejudice against any of the laws applicable to the case upon which the state or defense is to rely." *Tracy v. State*, 597 S.W.3d 502, 512 (Tex. Crim. App. 2020); *see* TEX. CODE CRIM. PROC. art. 35.16(a)(9) & (c)(2); *see also Caso v. State*, 13-23-00092-CR, 2024 WL 3708942, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 8, 2024, no pet.) (mem. op., not designated for publication) (explaining that there "are eleven statutory grounds that permit either party to challenge a juror for cause because 'the juror [is] incapable or unfit to serve on the jury,' including [t]hat the juror has a bias or prejudice in favor of or against the defendant'") (citing TEX. CODE CRIM. PROC. art. 35.16(a)(9)).

The test is whether the prospective juror's bias or prejudice would substantially impair her ability to carry out her duties in accordance with her instructions and her oath. *Buntion v. State*, 482 S.W.3d 58, 84 (Tex. Crim. App. 2016) (first citing *Wainwright v. Witt*, 469 U.S. 412, 424 (1985); then *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009)). "Before a prospective juror can be excused for cause on this basis, the law must be explained to him[,] and he must be asked whether he can follow that law regardless of his personal views." *Tracy*, 597 S.W.3d at 512. The proponent of a challenge for cause bears the burden of establishing that the challenge is proper. *See Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010); *see also Bates v. State*, No. 10-19-00405-CR,

10

2021 WL 5235038, at *1 (Tex. App.—Waco Nov. 10, 2021, no pet.) (mem. op., not designated for publication). This burden is not met until the proponent of the challenge has shown that the veniremember understood the requirements of the law and could not overcome his prejudice well enough to follow the law. *Tracy*, 597 S.W.3d at 512. "A veniremember who is unwilling to afford a defendant the presumption of innocence is challengeable for cause." *Banda v. State*, 890 S.W.2d 42, 55 (Tex. Crim. App. 1994).

"A trial court's ruling on a challenge for cause may be reversed only for an abuse of discretion." *Hailey v. State*, 413 S.W.3d 457, 487 (Tex. App.—Fort Worth 2012, pet. ref'd). We afford great deference to the trial court's decision because the trial court is present to observe the demeanor of a prospective juror and listen to the tone of their voice. *Buntion*, 482 S.W.3d at 84. When a venireperson's answers in voir dire are ambiguous, vacillating, unclear, or contradictory, particular deference is given to the trial court's decision. *Tracy*, 597 S.W.3d at 512; *see Smith v. State*, 297 S.W.3d 260, 268 (Tex. Crim. App. 2009). "We look at the entire record to determine whether there is sufficient evidence to support the trial court's ruling." *Tracy*, 597 S.W.3d at 512.

## B.    Analysis

Here, veniremember 30 initially expressed skepticism that she could absolutely apply the presumption of innocence, but after further questioning, she ultimately concluded that she "will do it" because she is "supposed to." In other words, veniremember 30 committed to affording Walker the presumption of innocence, as instructed by the trial court. *See Freeman v. State*, 168 S.W.3d 888, 892 (Tex. App.—Eastland May 26, 2005, pet. ref'd) (finding that the trial court did not abuse its discretion in denying appellant's challenge for cause against veniremember Toler who appellant

11

argued did not correctly understand the concepts of "beyond a reasonable doubt" and "presumption of innocence" because the "prosecutor asked Toler if he could follow the law if the court instructed him that the burden is on the State to prove its case and that the defendant does not have to call witnesses . . . [to which he] replied, 'To the best of my ability I would, yes'"). Therefore, the trial court did not abuse its discretion in denying Walker's challenge for cause to veniremember 30. *See id.* To the extent however that veniremember 30's answers were vacillating, unclear, or contradictory, we defer to the trial court's decision because it was in the best position to observe her responses and demeanor. *See Hudson v. State*, 620 S.W.3d 726, 734 (Tex. Crim. App. 2021) ("At most, [the challenged veniremember's] answers were vacillating or contradictory. In such circumstances, we defer to the trial court's decision."); *Buntion*, 482 S.W.3d at 87 (overruling points of error twelve and thirteen after reasoning in part that to "the extent that Washington's answers were vacillating, unclear, or contradictory, we afford particular deference to the trial court's decision"); *Newbury v. State*, 135 S.W.3d 22, 32 (Tex. Crim. App. 2004) ("We review a trial court's ruling on a challenge for cause with 'considerable deference' because the trial court is in the best position to evaluate the veniremember's demeanor and responses."). Accordingly, we overrule Walker's sole issue in each appeal.

### III.     CONCLUSION

We affirm the trial court's judgments.

JENNY CRON
Justice

Do not publish
TEX. R. APP. P. 47.2(b)

Delivered and filed on the
11th day of June, 2026.

12